## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH JOHNSON | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:09-cv-240 (CFD) |
| | : | |
| C. WHITE & SON INC. | : | |
|     Defendant. | : | |

### RULING ON MOTION TO DISMISS

Plaintiff Keith Johnson brought this action alleging employment discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.  The plaintiff also claims libel and slander.  The defendant now moves to dismiss as time-barred all allegations in the complaint based on facts occurring after February 19, 2008. The defendant also moves to dismiss the libel and slander count for failure to plead with requisite specificity.  For the reasons that follow, the motion to dismiss is denied.

**I.    Background**

The plaintiff, Keith Johnson ("Johnson"), is an African-American man.  The defendant, C. White & Son Inc. ("White & Son"), is a Connecticut fuel transportation corporation.  Johnson began working as a truck driver for White & Son in May 2005.  Johnson alleges that through January 2007, he always received favorable work reviews.  He further alleges that around January 2007, he became aware that he was being paid dramatically less than similarly situated white drivers working at White & Son.  Johnson also alleges that he was discriminated against with regards to weekend-off requests and bonuses.

Beginning in January 2007, Johnson made several complaints to White & Son about the pay disparity. He alleges that in response, White & Son's terminal manager, Sean Gee, told him that "if you don't like it you can quit." On December 5, 2007, Johnson told Gee of his belief that he was being discriminated against because he is black. On December 8, 2007, Johnson mistakenly dropped red dyed diesel into a clear diesel truck. Johnson received a one-day unpaid suspension for this mistake, though he claims at least three other drivers had "cross-dropped" but had not received disciplinary action. Johnson also alleges that White & Son threatened to terminate him for fabricated allegations of tardiness in or around December 2007.

On February 19, 2008, Johnson filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("First CHRO Complaint"). In this complaint, Johnson complained of the aforementioned alleged discrimination. The CHRO issued a release of jurisdiction letter dated October 16, 2008.

On April 7, 2008, White & Son terminated Johnson, who then filed a second complaint with the CHRO on April 30, 2008 ("Second CHRO Complaint"). In this complaint, Johnson alleged that he was wrongfully terminated in retaliation for his prior CHRO complaint. On October 2, 2008, the CHRO issued a release of jurisdiction as to his Second CHRO Complaint. Thus, the CHRO released jurisdiction on Johnson's Second CHRO Complaint before it released jurisdiction on Johnson's First CHRO Complaint.

Johnson filed this lawsuit on January 12, 2009, which is fewer than ninety days after the release of jurisdiction on the First CHRO Complaint, but more than ninety days from the release of jurisdiction on the Second CHRO Complaint.

**II.     Motion to Dismiss Standard**

In evaluating a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1), the Court must "accept[] as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003). The plaintiff must establish by a preponderance of the evidence that the court has subject matter jurisdiction over the complaint. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). Courts evaluating Rule 12(b)(1) motions "may resolve the disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." Zappia Middle East Constr. Co. Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir.2000).

### III.  Discussion

The defendant argues that the plaintiff's allegations that were the subject of the Second CHRO Complaint are time-barred because he did not file this lawsuit within ninety days of receipt of the Second CHRO Complaint's right to sue letter. In order to bring a Title VII or CFEPA claim, a plaintiff must first exhaust his administrative remedies. Tyszka v. Edward McMahon Agency, 188 F. Supp. 2d 186, 195 (D. Conn. 2001). Conn. Gen. Stat. § 46a-101 requires that any action brought pursuant to CFEPA "shall be brought within ninety days of the release [by the CHRO]." See also Golnik v. Amato, 299 F. Supp. 2d 8, 13 (D. Conn. 2003). A Title VII claim is also not timely if it is not filed within ninety days of a right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1).

A plaintiff who fails to meet these exhaustion requirements, however, may still bring his claim if it is "reasonably related" to a claim he did file with the CHRO. Shah v. New York State Dept. of Civil Serv., 168 F.3d 610, 614 (2d Cir. 1999). "A claim is considered reasonably related if the conduct complained of would fall within the 'scope of the EEOC investigation which can

-3-

reasonably be expected to grow out of the charge' that was made. Successive conduct that is part of a continuing wrong is by its very nature 'reasonably related' to the earlier conduct." Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001).

      White & Son argues that the Court lacks subject matter jurisdiction over Johnson's claims for the defendant's alleged wrongful conduct, including alleged wrongful termination, that was the subject of Johnson's Second CHRO Complaint. The CHRO release of jurisdiction as to the Second CHRO Complaint was issued on October 2, 2008, and was received by Johnson on October 3, 2008. The defendant argues that Johnson then had ninety days, until January 2, 2009, to file a complaint stemming from the Second CHRO Complaint. Johnson, however, did not file his complaint until January 21, 2009. The parties do not dispute that Johnson's January 21, 2009 filing was within ninety days of the CHRO's release of jurisdiction on Johnson's First CHRO Complaint. Johnson concedes that the he did not file this action within ninety days of the release of jurisdiction on his Second CHRO Complaint, but argues the wrongful termination allegations are reasonably related to the allegations of the First CHRO Complaint, on which he timely filed suit.

      This case does not present the typical "reasonable relation" argument because here Johnson did actually file a CHRO complaint as to those allegations he now claims are reasonably related to his First CHRO Complaint. Nonetheless, the Court finds that Johnson's allegations of termination and retaliation for his filing of his First CHRO Complaint are reasonably related to the allegations of the First CHRO Complaint. Shah, 168 F.3d at 613 (holding that reasonably related claims "include those alleging retaliation by an employer against an employee for filing the underlying claim of discrimination") (internal quotation marks omitted). At least in the

circumstances presently before the Court, the fact that another CHRO complaint was filed does not eviscerate the "reasonably related" doctrine. Because Johnson's allegations of wrongful termination are reasonably related to his First CHRO Complaint allegations, the Court has subject matter jurisdiction over all of his claims. See, e.g., Jeter v. New York City Dep't Edu., 549 F. Supp. 2d 295 (E.D.N.Y. 2008) (holding that although charges mirroring an initial EEOC complaint were untimely and dismissed, timely charges mirroring a second EEOC complaint and those "reasonably related to" those charges need not be dismissed).

The defendants have stressed that the Court should follow the ruling in Ghaly v. Simsarian, Civ. No. 3:04CV01779 (AWT), 2009 WL 801636 (D. Conn. March 26, 2009). In Ghaly, the plaintiff filed two separate complaints with the CHRO. Although the CHRO released jurisdiction on Ghaly's first CHRO complaint, it did not release jurisdiction on Ghaly's second CHRO complaint. The plaintiff then filed suit in the District on Connecticut asserting claims that were the subject of both the first and the second CHRO complaints. The plaintiff argued that although the CHRO had not released jurisdiction as to the claims in the second CHRO complaint, she could raise them in her suit as "reasonably related" to the claims asserted on the basis of her first CHRO complaint. Id. at *1, 5-6. The court in Ghaly rejected this argument, reasoning that "that by filing a second CHRO complaint specifically presenting these claims, Ghaly submitted these claims to the jurisdiction of the CHRO and therefore needed to obtain a release of jurisdiction before filing an action based on them. She did not obtain a release of jurisdiction, so the court does not have subject matter jurisdiction over this claim." Id. at *6.

The facts of Ghaly are distinguishable from those presently before the Court. The Ghaly holding was based on the fact that the CHRO had not yet released jurisdiction on Ghaly's second

CHRO complaint.  Id.  In the instant case, however, it is undisputed that the CHRO did release jurisdiction as to both of Johnson's complaints.  As the Ghaly court noted, were it not for the failure to obtain the CHRO's release of jurisdiction, the claims that were the subject of Ghaly's second CHRO complaint would likely have been actionable as reasonably related to the claims in her first CHRO complaint.  Id. at *6.

**IV.   Conclusion**

For the reasons set forth above, the defendant's motion to dismiss [Dkt. # 10] is DENIED.  Additionally, the plaintiff may amend his complaint on the libel and slander claim.

**SO ORDERED** this 9th day of December 2009, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**