**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

KEITH JOHNSON,
                    - Plaintiff


             v.                          CIVIL NO. 3:09-CV-240 (CFD)


C. WHITE & SON, INC.,
                    - Defendant

**RULING AND ORDER ON DEFENDANT'S MOTION TO COMPEL**

     The defendant, C. White & Son, Inc., has filed a motion to
compel the plaintiff, Keith Johnson, to answer Interrogatories and
Requests for Production of Documents. (Dkt. #40.) For the reasons
set forth below, the defendant's motion is **GRANTED.**

**I.   Discussion**

     The deadline for the plaintiff to submit his damages analysis
was October 15, 2009. (Def.'s Mot. Compel 1.) On November 18,
2009, the plaintiff requested and received a thirty day extension
of time in which to respond to the defendant's interrogatories and
production requests, as well as to produce his damages analysis.
Id. at 1-2. The plaintiff failed to produce his damages analysis
by the new deadline of January 13, 2010. Id. at 2. On January 22,
2010, the plaintiff requested and received another two week
extension. Id. at 2-3. The plaintiff again failed to produce his
damages analysis by the new deadline of February 5, 2010. Id. at
3. As of March 10, 2010, the plaintiff still has not produced his
damages analysis. (Def.'s Resp. 3.)

Consequently, the plaintiff's damages analysis is now approximately five months overdue.  The defendant has given the plaintiff multiple opportunities to provide his damages analysis. The plaintiff failed to meet every deadline that the defendant set. Accordingly, the defendant's motion to compel the plaintiff to produce his damages analysis is **GRANTED**.  If the plaintiff wishes to provide a damages analysis, he is **ORDERED** to do so immediately.

The defendant mailed its interrogatories and production requests to the plaintiff on November 12, 2009.  (Def.'s Mot. Compel 1.)  The plaintiff's responses were due on December 14, 2009.  (Def.'s Resp. 2.)  On November 18, 2009, the plaintiff requested a thirty day extension in which to respond to the defendant's interrogatories and production requests. (Def.'s Mot. Compel 1.)  The defendant consented to the plaintiff's request, and the new deadline became January 13+, 2010.  <u>Id.</u> at 2.   The plaintiff, however, did not produce any response by that date.  <u>Id.</u>

On January 22, 2010, a paralegal working for plaintiff's counsel notified the defendant that plaintiff's counsel had not begun working on the plaintiff's responses to the defendant's interrogatories and production requests.  <u>Id.</u>  The plaintiff then requested another two week extension, to which the defendant again consented.  <u>Id.</u>  The new deadline therefore became February 5, 2010.  The plaintiff failed to respond by February 5, 2010.  <u>Id.</u> at 3.  Instead, on February 12, 2010, the plaintiff filed a motion for

a two week extension of time <u>nunc pro tunc</u> until February 26, 2010. (See dkt. #38.)  The plaintiff was unable to obtain the defendant's consent to this request, and Judge Droney has not yet ruled on that pending motion.  <u>Id.</u>

On March 4, 2010, the plaintiff provided his first responses to the defendant's interrogatories and production requests.  (See dkt. #45, Ex. B.)  On March 9, 2010, the plaintiff filed his objection to the defendant's pending motion to compel.  (See dkt. #44.)  In his objection, the plaintiff argued that he has already "supplied the defendant with all documents in his possession custody and control and answer [sic] the interrogatories and responses to request for  production on March 4, 2010." (Pl.'s Obj. 1.)  Notwithstanding the plaintiff's objections, the plaintiff's responses to the defendant's interrogatories and production requests are deficient for two reasons.  First, in response to several production requests, the plaintiff indicated that items "will be provided."   (Def.'s Resp. Ex. B at 5-7.)   Although plaintiff's counsel informed defendant's counsel that "all documents in [his] possession" will be "sent under separate cover as soon as possible," the defendant has not yet received those items.  Second, the plaintiff did not sign his answers to the defendant's interrogatories as required by Federal Rule of Civil Procedure 33(b)(3), thereby rendering those responses deficient.

The  plaintiff  has  not  satisfactorily  responded  to  the

defendant's interrogatories and production requests because the interrogatories lack the plaintiff's signature and the plaintiff has not provided all of the items that he promised in his first responses of March 4, 2010.  Consequently, the defendant's motion to compel the plaintiff to provide complete responses to the defendant's production requests is **GRANTED** and the plaintiff is **ORDERED** to provide the applicable documents immediately.

### III. Conclusion

The defendant's motion to compel (dkt. # 40) is **GRANTED.**  The defendant has also moved for an award of reasonable fees incurred in bringing this motion and opposing defendant's motion.  The award of any fees in connection with these motions will be considered, on application, at the conclusion of all proceedings in this case.

This is a discovery ruling and order that may be reviewed pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a),(e), and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  Accordingly, it is an order of the court.  See 28 U.S.C. § 636(b) (written objections to magistrate's ruling must be filed within fourteen days after service of same).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 19th day of March, 2010.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**

4